IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**HARVEY PATRICK SHORT,**

    **Plaintiff,**

v.                                                    **Case No. 2:14-cv-16506**

**LIEUTENANT BENION, et al.,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are two Motions for Preliminary Injunction and/or Temporary Restraining Order (ECF Nos. 7 and 8). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** these motions as moot.

## RELEVANT PROCEDURAL HISTORY

On or about February 26, 2014, the plaintiff was incarcerated at the South Central Regional Jail (SCRJ) on a parole violation charge. The plaintiff's Complaint alleges that, on April 18, 2014, the plaintiff was subjected to the use of excessive force by correctional officers at the SCRJ. The plaintiff asserts that he should have been placed in a West Virginia Division of Corrections (WVDOC) facility, rather than the SCRJ, where he had a history of prior grievances and litigation against correctional officers and

staff. The plaintiff alleges that, although he informed defendants Murphy and Rubenstein that he believed his personal safety was in jeopardy, no action was taken to move him to another facility. (ECF No. 2). The plaintiff's Complaint seeks both monetary damages and injunctive relief in the form of a transfer to a WVDOC facility.

The plaintiff has also filed two Motions/Petitions for Preliminary Injunction and/or Temporary Restraining Order (ECF Nos. 7 and 8), in which he repeats his allegations that the use of force against him was retaliatory conduct by the defendants for the plaintiff's grievance and litigation history during a prior incarceration at the SCRJ, and his claim that he faced irreparable harm if he was not transported to a WVDOC facility. However, the plaintiff subsequently filed three Notices of Change of Address and, as of September 22, 2014, the plaintiff is now incarcerated at the Huttonsville Correctional Center, a WVDOC facility.

Even if the injunctive relief requested by the plaintiff were available, the plaintiff's claims for injunctive relief are now moot, due to the plaintiff's transfer from the SCRJ and the fact that he is now incarcerated at a WVDOC facility. The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's motions for preliminary injunctive relief (ECF Nos. 7 and 8) and the request for injunctive relief made in the Complaint (ECF No. 2 at 5) must be denied as moot.

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff.

October 21, 2014

Dwane L. Tinsley
United States Magistrate Judge