IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HARVEY PATRICK SHORT,

                Plaintiff,

v.                                      CIVIL ACTION NO.   2:14-cv-16506

LIEUTENANT BENION, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's motions for a preliminary injunction and temporary restraining order.  (ECF 7 & 8.)   By Standing Order entered on May 7, 2014, and filed in this case on May 16, 2014, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF 4.)   Magistrate Judge Tinsley filed his PF&R on October 21, 2014, recommending that this Court deny as moot Plaintiff's motions for a preliminary injunction and temporary restraining order and the request for injunctive relief made in the Complaint.   (ECF 24.)[1]

---

[1] On December 9, 2014, Plaintiff filed a Motion to Reassign Case from this Court and Magistrate Judge Tinsley ("Motion to Reassign").   (ECF 37.)   The sole stated basis for Plaintiff's Motion to Reassign is that he "filed an ethics complaint against Judge Johnston and U.S. Magistrate Judge Tinsley." (*Id.*)   Included with the Motion to Reassign is a Memorandum and Order from the Fourth Circuit, filed September 8, 2014, which indicates the basis of Plaintiff's ethics complaint is "that the district judge and magistrate judge have allowed his complaint to sit idly on the docket" and "continue to ignore their civil cases."   (ECF 37.)   The Fourth Circuit dismissed Plaintiff's complaint against this Court and Magistrate Judge Tinsley "pursuant to 28 U.S.C. § 352(b)(1)(A)(iii) as lacking in factual support."   (*Id.*)
    On December 23, 2014, Defendants filed a response to the Motion to Reassign and argued the Court should deny this motion on the merits and for being untimely.  (ECF 38.)   Defendants subsequently filed a Supplemental Response on February 9, 2015, in which Defendants withdraw their timeliness argument, but urge the Court to address the Motion to Reassign on the merits.   (ECF 55.)
    Plaintiff does not indicate the legal basis for his Motion to Reassign.   (*See* ECF 37.)   Nonetheless, the Court liberally construes Plaintiff's motion as a request for the disqualification of this Court.   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("A document filed *pro se* is 'to be liberally

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

---

construed' . . . .").

Disqualification of a judge "is governed by 28 U.S.C. § 455." *United States v. DeTemple*, 162 F.3d 279, 283 (4th Cir. 1998). Section 455(a) provides that "[a]ny . . . judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 18 U.S.C. § 455(a). "The critical question presented by this statute 'is not whether the judge is impartial in fact.'" *DeTemple*, 162 F.3d at 286 (quoting *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir. 1995)). Rather, the standard for Section 455(a) is "whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." *Id.* (quoting *Hathcock*, 53 F.3d at 41). This standard "does not require a judge to recuse himself because of 'unsupported, irrational, or highly tenuous speculation.'" *Id.* at 286–87 (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)).

Section 455 also provides "circumstances" under which a judge must disqualify himself, including, in relevant part, "[w]here he has a personal bias or prejudice concerning a party." 18 U.S.C. § 455(b)(1). The standard for determining disqualification under Section 455(b)(1) is "whether a reasonable person would be convinced the judge was biased." *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000) (quoting *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996)). "Recusal under Section 455(b)(1) 'is required only if actual bias or prejudice is proved by compelling evidence.'" *Id.* (quoting *Hook*, 89 F.3d at 355).

"There is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 325 (4th Cir. 1994) (internal quotation marks and citation omitted). "In sum, a judge must be presumed to be qualified, and there must be a substantial burden upon the affiant to show grounds for believing the contrary." *Id.* (internal quotation marks and citation omitted).

The Court finds disqualification is not warranted in this case. Plaintiff provides no evidence that the Court cannot be impartial in this matter or holds any actual bias or prejudice against him. Instead, Plaintiff only argues that the Court should not hear this matter because Plaintiff filed an "ethics complaint"—which the Fourth Circuit dismissed—alleging undue delay on the part of the Court. (*See* ECF 37.) This assertion is "highly tenuous," at best, provides no grounds to indicate the Court holds an actual bias or prejudice against Plaintiff, and is based solely on Plaintiff's own action in filing the ethics complaint. Plaintiff's Motion to Reassign is, therefore, insufficient to justify the Court's disqualification in this case. *See Nakell*, 15 F.3d at 325; *United States v. Owens*, 902 F.2d 1154, 1156 (4th Cir. 1990) ("Parties cannot be allowed to create the basis for recusal by their own deliberate actions. To hold otherwise would encourage inappropriate 'judge shopping.'").

Accordingly, the Court **DENIES** Plaintiff's Motion to Reassign, as it pertains to this Court. (ECF 37.)

2

Objections to the PF&R in this case were due on November 7, 2014. To date, no objections have been filed.

Accordingly the Court **ADOPTS** the PF&R, **DENIES** Plaintiff's motions for a preliminary injunction and temporary restraining order, (ECF 7 & 8), and **DENIES** Plaintiff's request for injunctive relief in the Complaint, (ECF 2 at 5).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 9, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE