IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**HARVEY PATRICK SHORT,**

    **Plaintiff,**

v.                                                                    Case No. 2:14-cv-16506

**LIEUTENANT BINION, SERGEANT TERRY,
COMMISSIONER JIM RUBENSTEIN,
COUNSELOR OSBORNE, and
BENITA F. MURPHY,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The following motions are pending before the court: (1) a Motion to Dismiss filed by defendants Benita F. Murphy and Jim Rubenstein (ECF No. 30); (2) the plaintiff's Motion to Amend Complaint (ECF No. 35); (3) the plaintiff's Request for Entry of Default against defendants Murphy and Rubenstein (ECF No. 39); (4) the plaintiff's Motion for Default Judgment against defendants Murphy and Rubenstein (ECF No. 41); and (5) the plaintiff's Request for Entry of Default Judgment against defendants Murphy and Rubenstein (ECF No. 43).

## PROCEDURAL HISTORY

On May 16, 2014, the plaintiff filed a Complaint (ECF No. 2), alleging that he was subject to the use of excessive force and retaliation by correctional officers at the South

Central Regional Jail, where he was incarcerated on a parole violation. Summonses were issued for each defendant on October 22, 2014. (ECF No. 25), and the docket sheet indicates that the summonses for defendants Binion, Terry, Osborne, Murphy and Rubenstein were returned as executed on October 27, 2014. (ECF Nos. 26-29, 34). Accordingly, the answers or other responses to the Complaint of those defendants were due by November 17, 2014. (*Id.*)

On November 10, 2014, defendants Benita F. Murphy and Jim Rubenstein, by counsel, filed a Motion to Dismiss (ECF No. 30) and a Memorandum of Law in support thereof (ECF No. 31). On November 17, 2014, the remaining named defendants filed an Answer to the Complaint. (ECF No. 33).

On November 26, 2014, the plaintiff filed a Motion to Amend Complaint (ECF No. 35), attaching a proposed Amended Complaint (ECF No. 35-1).

On December 30, 2014, the plaintiff filed Request for Entry of Default against defendants Benita F. Murphy and Jim Rubenstein (ECF No. 39), a Declaration in support of Motion for Entry of Default (ECF No. 40), a Motion for Default Judgment against defendants Murphy and Rubenstein (ECF No. 41), a Notice of Motion for Default Judgment (ECF No. 42), a Request for Entry of Default Judgment (ECF No. 43), a Declaration in support of Request for Entry of Default Judgment (ECF No. 44), a Certificate of Service concerning all of these documents (ECF No. 45) and a Declaration as to Military Service (ECF No. 47). In these documents, the plaintiff asserts that defendants Murphy and Rubenstein failed to plead or otherwise defend against his Complaint within the 21-day time frame permitted by Rule 12(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(a).

On December 31, 2014, defendants Murphy and Rubenstein, by counsel, filed a Response in Opposition to the plaintiff's Motion for Entry of Default Judgment. (ECF No. 46). The Response correctly asserts that defendants Murphy and Rubenstein timely filed a Motion to Dismiss, which is a responsive pleading that satisfies Rule 12(a), on November 10, 2014. (*Id.*) Thus, defendants Murphy and Rubenstein assert that the plaintiff's Motions for Entry of Default and Default Judgment are without merit. (*Id.*)

On January 7, 2015, the plaintiff filed a Response to the Motion to Dismiss filed by defendants Murphy and Rubenstein (ECF No. 48), which indicates that he never received a copy of the Motion to Dismiss.

## ANALYSIS

### A. The plaintiff's motions related to default and default judgment.

Rule 55(a) requires the Clerk to enter default against "a party against whom a judgment for affirmative relief is sought" when that party has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(b). Default judgments are not favored.

Prior to the filing of the plaintiff's Request for Entry of Default (ECF No. 39), his Motion for Default Judgment (ECF No. 41), and his Request for Entry of Default Judgment (ECF No. 43), defendants Murphy and Rubenstein had filed an appropriate response to the Complaint in the Clerk's Office. The undersigned further notes that, pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure, service by mail is

3

completed upon mailing. Thus, the defendants are not in default, notwithstanding the plaintiff's assertion that he did not receive a copy of the defendants' Motion to Dismiss. Accordingly, there is no meritorious basis for any of these motions. Moreover, should the presiding District Judge grant the plaintiff's Motion to Amend Complaint (addressed below), defendants Murphy and Rubenstein will be required to file a new response to the proposed Amended Complaint. Thus, the plaintiff cannot demonstrate any prejudice based upon his assertion that he did not receive the subject Motion to Dismiss.

Under these circumstances, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Request for Entry of Default (ECF No. 39), Motion for Default Judgment (ECF No. 41), and Request for Entry of Default Judgment (ECF No. 43) are not warranted. Therefore, it is respectfully **RECOMMENDED** that these motions be **DENIED**.

### B. The plaintiff's Motion to Amend and defendant Murphy and Rubenstein's Motion to Dismiss.

On November 26, 2014, the plaintiff filed a Motion to Amend Complaint (ECF No. 30), and submitted a proposed Amended Complaint (ECF No. 35-1), which named one new defendant, Corporal Singleton, and provided more detailed allegations concerning the incident that is the subject of his initial Complaint. The plaintiff also modified his request for relief in the proposed Amended Complaint.

Since the filing of the Motion to Amend, the plaintiff has reached a settlement with, and has agreed to dismiss the claims against, defendants Binion, Terry and Osborne, with prejudice, and he also agreed to withdraw his request to amend his Complaint to add Corporal Singleton as a defendant.

4

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a plaintiff to amend his Complaint once as a matter of course, either (A) within 21 days of serving it, or (B) within 21 days after service of a responsive pleading or a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1)(A) and (B). The plaintiff's Motion to Amend Complaint was filed within the time period set forth in Rule 15(a)(1)(B). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that amendment is permissible under that rule.

Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the plaintiff's Motion to Amend Complaint (ECF No. 35), but only as to the remaining defendants, and direct that this matter shall proceed on the proposed Amended Complaint (ECF No. 35-1) as to those remaining defendants. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the Motion to Dismiss filed by defendants Murphy and Rubenstein (ECF No. 30), and order that, pursuant to Rule 15(a)(3), the remaining named defendants shall have 14 days from the entry of the court's Order granting the Motion to Amend Complaint to file an Answer or other response to the Amended Complaint.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such

objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

May 6, 2015

Dwane L. Tinsley
United States Magistrate Judge