IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**HARVEY PATRICK SHORT,**

    **Plaintiff,**

v.                                        Case No. 2:14-cv-16506

**COMMISSIONER JIM RUBENSTEIN,**
**and BENITA F. MURPHY,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Only the plaintiff's claims against Jim Rubenstein and Benita Murphy remain. Pending before the court are Rubenstein and Murphy's Renewed Motion to Dismiss (ECF No. 67) and their Motion for Sanction Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure (ECF No. 71).

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motion for Sanction (ECF No. 71) and **DISMISS** this civil action pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure because the plaintiff has failed to prosecute this matter. Additionally, as further addressed herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' unopposed Renewed Motion to Dismiss (ECF No. 67)

because the Amended Complaint fails to state a claim upon which relief can be granted against defendants Rubenstein and Murphy.

## **RELEVANT PROCEDURAL HISTORY**

On May 16, 2014, the plaintiff filed a Complaint (ECF No. 2), alleging that he was subjected to the use of excessive force and retaliation by correctional officers at the South Central Regional Jail, where he was incarcerated on an alleged parole violation. On November 26, 2014, the plaintiff moved for leave to amend his Complaint. (ECF No. 35).

On March 3, 2015, the plaintiff filed a Notice of Change of Address, indicating that he had been released from custody and was living in Yeadon, Pennsylvania Subsequently, the plaintiff reached an out of court settlement with Lieutenant Binion, Sergeant Terry and Counselor Osborne, and those defendants have been dismissed with prejudice from this civil action. (ECF No. 62). On June 9, 2015, the plaintiff was granted leave to file his Amended Complaint, but only with respect to the claims raised therein against defendants Jim Rubenstein and Benita Murphy. (ECF No. 65).

This matter is now proceeding against defendants Jim Rubenstein and Benita Murphy on allegations contained in the Amended Complaint (ECF No. 66) that these defendants acted with deliberate indifference and negligence in failing to transfer him to a West Virginia Division of Corrections facility, and permitted the assault on the plaintiff at the South Central Regional Jail to occur.

On June 22, 2015, defendants Rubenstein and Murphy filed a Renewed Motion to Dismiss (ECF No. 67) and a Memorandum of Law in support there (ECF No. 68), asserting that the plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against them. Specifically, the defendants assert that, under state law,

3

neither Rubenstein nor Murphy had authority, control or supervision over the conditions of confinement or the employees of the South Central Regional Jail[1] and had no decision-making authority concerning where the plaintiff was housed prior to the revocation of his parole. Accordingly, they contend that the Amended Complaint fails to allege sufficient facts upon which any plausible claim against them can be based. (ECF No. 68 at 2-5). The Renewed Motion to Dismiss and Memorandum in support thereof further assert that that Rubenstein and Murphy cannot be held liable in their official capacities or under a theory of *respondeat superior*, that they are entitled to qualified immunity, and that the plaintiff's request for injunctive relief is moot in light of his release from custody. (*Id.*)

The plaintiff has not filed a response to the Renewed Motion to Dismiss, which, according to the Certificate of Service, was served on him on that same date at the address in Yeadon, Pennsylvania, which he provided to the court and opposing counsel upon his release from custody. (ECF Nos. 56 and 67 at 3).

According to the defendants' Motion for Sanction, by correspondence on June 22, 2015, defendants counsel requested that the plaintiff provide, in writing, dates in July of 2015 when he would be available to appear in the Southern District of West Virginia for his deposition. (ECF No. 71 at 1 and Ex. A). Having received no response to the first correspondence, on July 20, 2015, defense counsel again wrote to the plaintiff at the Yeadon, Pennsylvania address to request that the plaintiff provide an acceptable date for his deposition. This correspondence was sent by both regular and certified mail. (ECF

---

[1] The South Central Regional Jail is a state correctional facility operated by the West Virginia Regional Jail and Correctional Facility Authority.

No. 71 at 2 and Ex. B). The certified mail was returned by the United States Post Office as "unclaimed" and "unable to forward" after two attempts at delivery. (*Id.* and Ex. C).

Again receiving no response from the plaintiff to his correspondence, on August 3, 2015, defense counsel noticed the plaintiff's deposition at his offices in Charleston, West Virginia on August 28, 2015 at 10:00 a.m. (*Id.* and Ex. D). The Notice of Deposition was again mailed to the plaintiff's last known address by both regular and certified mail. However, the mail was returned by the United States Postal Service as "unclaimed" and "unable to forward" after three attempts. (*Id.* and Ex. E).

On August 11, 2015, defense counsel served Defendants' First Set of Requests for Admissions to Plaintiff by mailing the same to the plaintiff's last known address. At present, the plaintiff has failed to respond to those requests for admissions. (ECF Nos. 70 and 71 at 2).

The plaintiff's deposition was commenced before a court reporter on August 28, 2015; however, the plaintiff failed to appear. (ECF No. 71 at 2 and Ex. F). Defense counsel placed on the record his attempts to communicate with the plaintiff regarding this civil action. (*Id.*, Ex. F). The defendants then filed the instant Motion for Sanction (ECF No. 71) on September 21, 2015.

## ANALYSIS

The defendants' Motion for Sanction asserts that this matter should be dismissed pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, which provides as follows with respect to a party's failure to attend his own deposition or respond to discovery requests:

5

    (1)    *In General.*

        (A)    *Motion; Grounds for Sanctions.*  The court where the action is pending may, on motion, order sanctions if:

        (i)    a party or a party's officer, director, or managing agent - or a person designated under Rule 30(b)(6) or 31(a)(4) - fails after being served with proper notice, to appear for that person's deposition; or

        (ii)    a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

Fed. R. Civ. P. 37(d)(1)(A). Upon certification that the movant has attempted to confer in good faith with the party who has failed to act, the court may order the failing party to pay reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37(d)(1)(B).

    Furthermore, pursuant to Rule 37(b)(2)(B) of the Federal Rules of Civil Procedure, the district court may impose sanctions, including dismissing the case in whole or in part. Fed. R. Civ. P. 37(b)(2)(B). Dismissal is also authorized under Rule 41(b) of the Federal Rules of Civil Procedure, where the court finds that the plaintiff has failed to prosecute a matter or comply with the federal rules. Fed. R. Civ. P. 41(b).

    The defendants' motion asserts that, weighing the factors set forth in *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)[2], the circumstances herein merit dismissal of this case. They contend that the plaintiff has wholly failed or refuses to communicate with

---

[2] In *Ballard,* the Fourth Circuit set forth the following factors to be considered prior to an involuntary dismissal: (1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a history of deliberately proceeding in a dilatory fashion; and (4) the existence of a sanction less drastic than dismissal.

counsel, or to otherwise participate in this litigation, and that no sanction other than dismissal is appropriate under the circumstances. (*Id.* at 2-3).

The plaintiff is an experienced *pro se* litigant, having filed 19 prior civil cases in this court alone. Having reached a settlement with some of the parties herein and having been released from incarceration, it appears that the plaintiff is no longer interested in pursuing this matter. Conversely, the defendants have expended time and resources to attempt to move this case forward through discovery, and the plaintiff has not cooperated.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's failure to comply with the federal rules governing discovery and the failure to update the court and defense counsel with a working address and phone number warrants dismissal of this civil action. Accordingly, it is respectfully **RECOMMENDED** that the defendants' Motion for Sanction Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure (ECF No. 71) be **GRANTED**, and that this matter be dismissed pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure.

Additionally, or alternatively, it is further respectfully **RECOMMENDED** that the unopposed Renewed Motion to Dismiss (ECF No. 67) filed by defendants Rubenstein and Murphy be **GRANTED** because, as more specifically addressed in their Memorandum of Law, the Amended Complaint fails to state a claim upon which relief can be granted against defendants Rubenstein and Murphy in either their official or individual capacities.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

7

plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

October 29, 2015

Dwane L. Tinsley
United States Magistrate Judge